# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Penny D. Goudelock,<br><br>        Appellant,<br><br>v.<br><br>Sixty-01 Association of Apartment Owners,<br><br>        Appellees. | District Court Case<br>No. 2:15-cv-01413-MP<br><br>BK Internal Appeal<br>No: APE#15-S016<br><br>BK Adversary No. 15-01093<br><br>BK Case No. 11-12725-TWD<br>Chapter 13<br><br>APPELLANT'S REPLY BRIEF |

DATED this 30th of December, 2015

              Christina L Henry, WSBA# 31273
              Henry, DeGraaff & McCormick, PS
              1833 N 105th St, Ste 203
              Seattle, WA 98133
              chenry@hdm-legal.com
              Tel# 206-330-0595

              *Attorney for Appellant*
              *Penny Goudelock*

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................3

ARGUMENT ..........................................................................................................6

   I. The Doctrine of Field Preemption Limits the Ability of State Law to Tamper with a Debtor's Chapter 13 Reorganization Plan ..............................6

      A. The Bankruptcy Court's Interpretation of *Butner* Was Overly Broad.......8

      B. The Condo Association's Participation in the Bankruptcy Case Subjected the Unsecured Portion of Its Lien to Discharge ........................................10

  II. A Condo Association's Future Obligation to Pay Condo Association Dues Are Determined by Contract..........................................................................13

      A. Congress's Decision Not to Apply § 523(a)(16) to Ordinary Chapter 13 Discharges is Significant .......................................................................17

CONCLUSION .....................................................................................................18

# **TABLE OF AUTHORITIES**

**Cases**

*BAC Home Loans Servicing, LP v. Fulbright*, 180 Wn.2d 754, 328 P.3d 895 (2014) ................................................................................................. 11, 12

*Brawders v. Cnty. of Ventura (In re Brawders)*, 503 F.3d 856 (9th Cir. 2007) ........9

*Butner v. United States*, 440 U.S. 48 (1979)...................................... 6, 7, 8

*Dewsnup v. Timm*, 502 U.S. 410 (1992)...................................................9

*English v. General Elec. Co.*, 496 U.S. 72 (1990).......................................4

*Heath v. Am. Express Travel Related Servs. Co.* (*In re Heath*), 331 B.R. 424 (9th Cir. B.A.P. 2005) ..............................................................................10

*Hines v. Davidowitz*, 312 U.S. 52 (1941) ...................................................4

*In re Coonfield*, 517 B.R. 239 (9th Cir. B.A.P. 2014)................................15

*In re Davis*, 716 F.3d 331 (4th Cir. 2013) ................................................6

*In re Foster*, 435 B.R. 650 (9th Cir. B.A.P. 2010) ...............................6, 12

*In re Long*, 519 F.3d 288 (8th Cir. 2008) ................................................7

*In re Mattera*, 203 B.R. 565 (Bankr.D. N.J. 1997)............................. 12, 13

*In re Pruitt*, 401 B.R. 546 (Bankr. D. Conn. 2009)..................................7, 8

*In re Rodriguez,* 375 B.R. 535 (9th Cir B.A.P. 2007) ................................9

*In re Rosteck*, 899 F.2d 694 (7th Cir. 1990) .................................. 11, 12, 13

*In re Spencer,* 457 B.R. 601 (E.D. Mich. 2011) .....................................13

*Lake Limerick Country Club v. Hunt Mfg. Homes Inc.*, 120 Wn.App. 246, 84 P.3d 295 (2004) .................................................................................................... 12

*Long v. Bullard*, 117 U.S. 617 (1886) ........................................................................ 9

*MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910 (9th Cir. 1996) ............... 5

*River Place E. Hous. Corp. v. Rosenfeld (In re Rosenfeld),* 23 F.3d 833 (4th Cir. 1994) ...................................................................................................................... 12

*Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005) ................... 5

*Travelers Cas. & Sur. Co. v. Pacific Gas,* 549 U.S. 443 (2007) ............................. 10

### Statutes

11 U.S.C. § 1305 ................................................................................. 8, 9, 10

11 U.S.C. § 1306 ........................................................................................ 8

11 U.S.C. § 1325(a)(5)(C) ......................................................................... 8

11 U.S.C. § 1328(a) ................................................................................. 16

11 U.S.C. § 501 .......................................................................................... 9

11 U.S.C. § 502 ............................................................................... 9, 10, 11

11 U.S.C. § 506 ........................................................................................ 10

11 U.S.C. § 523(a) ................................................................................ 9, 16

11 U.S.C. § 523(a)(16) ............................................................................ 16

11 U.S.C. § 524(a)(2) ................................................................................ 7

11 U.S.C. § 727 ........................................................................................ 16

Cal.Civ.Proc.Code § 1800 ....................................................................................6

RCW 64.34.364(10)............................................................................................16

RCW 64.34.364(9)..............................................................................................16

## Other Authorities

8 *Collier on Bankruptcy* ¶¶ 1300.01, 1300.02 (rev. 15th ed. 2008) .........................7

U.S. Const., Art. I, § 8, cl. 4..................................................................................5

U.S. Const., Art. VI, cl. 2......................................................................................5

# ARGUMENT

**I. THE DOCTRINE OF FIELD PREEMPTION LIMITS THE ABILITY OF STATE LAW TO TAMPER WITH A DEBTOR'S CHAPTER 13 REORGANIZATION PLAN**

The Bankruptcy Clause of the United States Constitution provides Congress with the authority to establish *"uniform* Laws on the subject of Bankruptcies throughout the United States." U.S. Const., Art. I, § 8, cl. 4. In accord with the Supremacy Clause, where Congress has chosen to exercise its power under the bankruptcy code, state laws are preempted and displaced. U.S. Const., Art. VI, cl. 2. Here, the issues involved—including the characterization of claims and the reorganization of debts, both of which are fundamental to bankruptcy case administration—leave no doubt that Congress intended state laws regarding personal liability for deficiency claims to be wholly displaced by the bankruptcy laws.

The field preemption doctrine holds that preemption of state law is evident in areas where Congressional legislation is so comprehensive as to "occupy the field" of the subject so targeted. *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990). In such areas, state laws that stand in the way of the accomplishment and execution of the full purposes and objectives of Congress are preempted. *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). As the Ninth Circuit Court of Appeals discussed in *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 914 (9th

Cir. 1996), bankruptcy law fully occupies the field of debtor-creditor relations; as such, preemption of state law remedies for many activities undertaken within bankruptcy cases is presumed, because bankruptcy is "designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." *MSR Exploration,* 74 F.3d 910 at 914. Even though bankruptcy law often refers to state law for the substance of a claim, "the adjustment of rights and duties within the bankruptcy process itself is uniquely and exclusively federal." *Id*.

Rather than addressing the relevance of field preemption, the Condo Association's brief sidesteps the issue altogether, choosing to dismiss it as irrelevant to laws that only involve the "*de facto* payment of debt" and do not expressly reference how post-petition activity is to be conducted. Appellee's Response at 10. But matters that impinge upon the effectiveness of a debtor's reorganization plan lie at the heart of the field that bankruptcy occupies.[1] The fundamental purposes of Chapter 13 reorganization are to give the debtor a fresh start by allowing her to discharge most debts, and to enable her to deal comprehensively with both unsecured and secured debts. *See In re Davis*, 716 F.3d

---

[1] *See e.g. Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005) In finding that Cal.Civ.Proc.Code § 1800 was preempted, the court looked to whether the state law provision was merely another creditor rights provision of the kind that is tolerated by the bankruptcy code, or "whether it gave the state assignee powers that were within the heartland of bankruptcy administration where bankruptcy occupies the field."

331, 332 (4th Cir. 2013); *see also* 8 *Collier on Bankruptcy* ¶¶ 1300.01, 1300.02 (rev. 15th ed. 2008). Granting a creditor the power under state law to impede such a reorganization plan by allowing a creditor to collect on the unsecured portion of a lien after foreclosure cannot be supported by the bankruptcy code under any reasonable analysis of the issue.

### A. The Bankruptcy Court's Interpretation of *Butner* Was Overly Broad

The bankruptcy court's holding depends extensively on the Supreme Court's decision in *Butner v. United States*, 440 U.S. 48 (1979), which offered a limited view of preemption in a case involving state property law. The interpretation of *Butner* used by the bankruptcy court and defended by the Appellee is overly broad, and improperly applies the decision to the relationship between debtor and creditor.

There is no indication that Congress ever intended to allow a Chapter 13 creditor to defer to state law to impose personal liability on a debtor. *See In re Foster*, 435 B.R. 650, 659 (9th Cir. B.A.P. 2010). On the contrary, Congress enacted the bankruptcy discharge injunction for individuals primarily to prevent the collection of debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2). In a Chapter 13 plan, the bankruptcy code anticipates the surrender of secured liens, the discharge of the unsecured portions of those liens, and the possibility of post-

8

petition unsecured claims related to those unsecured deficiencies. *See* 11 U.S.C. §§ 1325, 1306 and 1305; *see also In re Long*, 519 F.3d 288, 297 (8th Cir. 2008).

The Condo Association, like the bankruptcy court, focused exclusively on the lack of an *express* provision in the bankruptcy code dealing with post-petition condominium dues in Chapter 13 to conclude that those assessments remain as obligations of the debtor so long as she is the legal owner of the property, under 11 U.S.C. § 1325(a)(5)(C) meaningless in terms of a chapter 13 plan of reorganization. To support this interpretation, the Condo Association and the bankruptcy court focused on language in *Butner* that stated *"*Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." 440 U.S. at 54. However, *Butner* says nothing about displacing the bankruptcy code's prerogatives regarding the rights and duties between debtors and creditors when it comes to property matters. Rather, *Butner* merely defines Congress's intent to allow state law to define the *pre-existing—i.e.* pre-bankruptcy—rights of the parties to a bankruptcy case. *In re Pruitt*, 401 B.R. 546, 565 (Bankr. D. Conn. 2009). The role for state law in bankruptcy in regards to property interests is still determined by Congress. *Id.* There is nothing in *Butner* compelling debtors and creditors to look to state law as a presumption for the *treatment* of debt, and the Constitution likewise does not compel such a result. S*ee Butner*, 440 U.S. at 54-55. When it comes to the characterization of claims as

secured or unsecured and their dischargeability, there is no doubt that such claim determination is exclusively the province of federal bankruptcy law. *Pruitt*, 401 B.R. at 565.B.R. at 565.

Thus, allowing a state law presumption for the collection of post-petition condo association assessments as a non-dischargeable personal liability is necessarily at odds with Congress's intent. In the bankruptcy code, Congress created a comprehensive federal scheme to determine the rights and duties of creditors and debtors and the characterization of claims as secured and unsecured, with the unsecured claims subject to discharge absent a specific exception under 11 U.S.C. § 523(a). Congress did not create a reorganization chapter for individuals under Chapter 13 to leave them subject to personal liability for unsecured debt after plan completion and the grant of a discharge. While *Butner* helps determine whether a creditor has a debt under state law, it does not have any bearing on whether an allowed claim is discharged under the bankruptcy code.

### B. The Condo Association's Participation in the Bankruptcy Case Subjected the Unsecured Portion of Its Lien to Discharge

The Condo Association subjected its lien to treatment under the debtor's plan of reorganization when it filed a proof of claim for both the amount of its pre-petition arrearage and post-petition assessments. 11 U.S.C. §§ 501, 502, 1305. Since a Chapter 13 bankruptcy allows an individual with regular income to adjust his or her debts under a repayment plan, treatment of a secured creditor's lien who

10

files an allowed proof of claim must be addressed by one of three requirements before a plan may be confirmed: (1) the holder of the claim has accepted the plan; (2) the lien may be retained by the creditor and the claim paid in full; or (3) the debtor surrenders the property to the creditor. 11 U.S.C. § 1325). *See In re Rodriguez,* 375 B.R. 535, 543 (9th Cir B.A.P. 2007).

Since secured liens pass through bankruptcy unaffected, a secured creditor could have bypassed the debtor's bankruptcy proceeding altogether, looking only to its lien for satisfaction of its debt. *Long v. Bullard*, 117 U.S. 617, 620-21 (1886); *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992); *Brawders v. Cnty. of Ventura (In re Brawders)*, 503 F.3d 856, 872 (9th Cir. 2007). However, once a creditor does file a claim, it submits to the bankruptcy court's treatment of that claim under 11 U.S.C. §§ 502 and 1305.

Choosing to file a proof of claim here forced the debtor to provide for the allowed claim, which she did when she surrendered the property located at Unit 101, 13954 NE 60th Way, Redmond, Wash. to secured creditors. Thus, for plan purposes, the bankruptcy estate no longer included said property, and three things occurred simultaneously—confirmation, surrender and the unavailability of section 506—resulting in no allowance for the "claim of a creditor secured by a lien on property in which the estate had an interest." 11 U.S.C. § 506.

Although the bankruptcy estate had no interest in the property, the Condo Association had an allowed claim that included a provision for future condo assessments. Since the Condo Association lien was a secured claim with a right to the payment of future condo association assessments under applicable state law,[2] any valid deficiency claim remaining after foreclosure would have been allowed in bankruptcy, since the filed claim was not expressly disallowed. *Travelers Cas. & Sur. Co. v. Pacific Gas,* 549 U.S. 443, 452 (2007); *see also Heath v. Am. Express Travel Related Servs. Co.* (*In re Heath*), 331 B.R. 424, 426 (9th Cir. B.A.P. 2005)("Section 502(b) sets forth the exclusive grounds for disallowance of claims, and Debtors have introduced no evidence or arguments to establish any of those grounds.") Thus, short of demanding a plan provision for payment on its post-petition assessments through the debtor's release of legal ownership at confirmation, the Condo Association was limited to a distribution under the plan on its unsecured deficiency. 11 U.S.C. § 502. However, failure to amend its claim after the property's disposition discharged the Condo Association's ability to collect anything on that deficiency claim in bankruptcy or outside of bankruptcy, forever giving up any ability to collect from the debtor after plan completion and

---

[2] There is no dispute that the Condo Association's deficiency claim, if any, comes from state law after it disposes of the property.

discharge. To find otherwise would frustrate the very goals and tenants of plan reorganization in Chapter 13.

## II. A CONDO ASSOCIATION'S FUTURE OBLIGATION TO PAY CONDO ASSOCIATION DUES ARE DETERMINED BY CONTRACT

The Condo Association's reading of the Washington State Supreme Court's recent case in *BAC Home Loans Servicing, LP v. Fulbright*, 180 Wn.2d 754, 328 P.3d 895, 899 (2014) is too narrow and misses its relevancy to this case. There is no dispute that the *Fulbright* case primarily dealt with the relative lien priority between a lender and a condo association's secured interests. However, for our purposes here, *Fulbright* also clarified that Washington law also looks to the declaration to establish the condo association's lien rights to future assessments rather than looking to when unpaid assessments become enforceable. *Fulbright*, 328 P.3d at 899. This clarification aligns Washington law with the Seventh Circuit's holding in *In re Rosteck*, 899 F.2d 694, 697 (7th Cir. 1990), which found that post-petition condo assessments are dischargeable.

The *Rosteck* court held that under the broad definitions of "claim" and "debt," the debtors had a debt for future condominium assessments that arose prior to the filing of the petition. *Rosteck*, 899 F.2d at 696. The *Rosteck* court reasoned that the condominium declaration was a contract, and that by owning the property, the debtors agreed to pay the association any assessments it might levy. *Id.* The

13

court concluded that the future assessments, although contingent, unliquidated, and unmatured, were prepetition debts that arose under a dischargeable prepetition contract. *Id.* at 696-9. This is in contrast to the Ninth Circuit Bankruptcy Appellate Panel's holding in *Foster*, 435 B.R. at 659, which dismissed the contractual nature of the condo declaration under Washington Law, focusing only on its creation of a "type of property"—a covenant running with the land.

Goudelock does not dispute that the condo declaration creates a covenant running with the land that binds future landowners to pay the condo assessments, *See Lake Limerick Country Club v. Hunt Mfg. Homes Inc.*, 120 Wn.App. 246, 84 P.3d 295, 301 (2004), but she does dispute the notion that the nature of the property interest erases the importance of the condo declaration as a secured contract to pay the assessments while she is the titled landowner. *Foster*, 435 B.R. at 659; *River Place E. Hous. Corp. v. Rosenfeld (In re Rosenfeld),* 23 F.3d 833 (4th Cir. 1994); *cf. Rosteck*, 899 F.2d at 697; *see also In re Mattera*, 203 B.R. 565, 571 (Bankr.D. N.J. 1997).

The covenant that runs with the land may be the property interest that attaches to the land, but it is the recorded declaration that secures a lien to pay future obligations for condo assessments that is the relevant for bankruptcy administration. As *Fulbright* clarifies, the absence of current enforceability for future assessments does not diminish its relevance as a contract evidencing a lien

14

obligation. *See Fulbright*, 328 P.3d at 899. Thus, Goudelock's obligation to pay the future condo assessments was established by the declaration's prepetition contractual obligation, not by the post-petition events that occur when future assessments become enforceable. *See Id.*

As contractual obligations, post-petition condo assessments are dischargeable claims in bankruptcy even though the amounts are not assessed until after the bankruptcy filing, rendering their claims contingent on the debtor's continued ownership and the levying of assessments. *See Rosteck*, 899 F.2d at 697; *see also Mattera*, 203 B.R. at 571. In contrast to the bankruptcy court's findings, the condo association dues are no different from other debts dealt with in bankruptcy. The nature of the debt just renders it a contingent, unliquidated and unmatured debt at the time of filing, which is dependent on future events that stem from a contractual obligation. 11 U.S.C. §§ 101(11), 101(4).

In contrast, the Condo Association relies heavily on *In re Spencer,* 457 B.R. 601, 613 (E.D. Mich. 2011) to argue against any existence of a pre-petition debt with a contingent right to future payment, arguing that the right to payment post-petition relies *solely* on the debtor's choice to remain on title, with the only contingency at issue being the debtor's continued ownership in the property. Of course, this ignores the entirely pertinent fact that Goudelock did *not* wish to continue owning the property, and indeed proposed to surrender all interest in it to

15

her creditors.[3] Even apart from that, allowing a secured lien but rejecting a contractual right to future payments seems illogical: it suggests that courts should not consider Congress's intent behind the bankruptcy code at all when considering the nature of condo association debts, but should rather be guided by the policy argument that allowing debtors in bankruptcy to avoid such debts enables them to "shirk their responsibility" to the other condo association owners. Appellee's Br. at 20. But a policy argument cannot displace the plain language of the bankruptcy code. When the purpose of a chapter 13 bankruptcy is to allow debtors to reorganize their debts, including the surrender of property in a plan and the allowance or disallowance of secured and unsecured claims, there is no basis either in policy or common sense to claim that a condo declaration is not a contractual agreement. A secured creditor, like the Condo Association here, still has its foreclosure rights under state law to secure payment on its loan, or, in the

---

[3] Indeed, it is worth noting just how heavily the Appellee's argument relies on the counterfactual presumption that Goudelock wishes to receive "the ongoing benefits of being a member of a community" that she does not, in fact, wish to belong to anymore. Appellee's Br. at 20. It raises the specter of a debtor continuing to live in the property "for decades" without having to chip in for a (purely hypothetical and fantastic in this case) roof replacement. *Id.* at 9. It asks rhetorically how long one should expect the debtor to retain interest in the property—"Six months? A year? Ten years?" *Id.* at 11. It flatly asserts that "the only contingency to future assessments being assessed against the Debtor is her choice to remain on title." *Id.* at 12. When the fact that Goudelock specifically chose *not* to remain on title is taken into consideration, it would appear that very little remains of the Appellee's argument at all.

alternative, to appoint a receiver on the property to rent out the unit and mitigate the damages of unpaid assessments until the property forecloses. RCW 64.34.364(9) and (10).

### A. Congress's Decision Not to Apply § 523(a)(16) to Ordinary Chapter 13 Discharges is Significant

Congress's failure to include any express treatment for post-petition condo assessments or homeowner's dues into the discharge or plan provisions in Chapter 13 is telling. The Appellee's brief at 15-16 argues against divining Congressional intent from silence on a particular issue; however, that argument fails in light of Congress's inclusion of a provision for the non-dischargeability of post-petition condo association dues in Chapter 7 under 11 U.S.C. § 727. *See* 11 U.S.C. § 523(a)(16). If Congress intended to create a similar outcome for post-petition condo association dues to the one that occurs in chapter 7 under the exception to discharge found in 11 U.S.C. § 523(a)(16), it would have been trivial to add 11 U.S.C. § 1328(a) to the list of sections affected by § 523(a)(16) when creating the latter section. Its failure to do so, or to make any suggestion whatsoever of an intended similar outcome to that in Chapter 7, is instructive. *In re Coonfield*, 517 B.R. 239, 243 (9th Cir. B.A.P. 2014).

# **CONCLUSION**

Goudelock respectfully requests that the bankruptcy court's decision regarding the dischargeability of the condo association dues in this case be reversed.

Dated: December 30, 2015.

Respectfully Submitted,

/s/ Christina L Henry
Christina L Henry, WSBA # 31273
Attorney for Appellant Penny Goudelock
Henry, DeGraaff & McCormick, PS
1833 N 105th St, Ste 203
Seattle, WA 98133