1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PENNY D. GOUDELOCK,

CASE NO. C15-1413-MJP

11

                         Appellant,

ORDER AFFIRMING
BANKRUPTCY COURT

12

             v.

13

SIXTY-01 ASSOCIATION OF
APARTMENT OWNERS,

14

                         Appellee.

15

16

17

        THIS MATTER comes before the Court on Debtor-Appellant Penny D. Goudelock's

appeal of the bankruptcy court's grant of summary judgment in Appellee's favor.  (Dkt. Nos. 1,

18

5.)  Having considered the Parties' briefing and the related record, the Court AFFIRMS the

19

bankruptcy court's determination.

20

21

**Background**

        This is an appeal of the bankruptcy court's order granting summary judgment in favor of

22

Plaintiff-Appellee Sixty-01 Association of Apartment Owners in Adversary Proceeding No. 15-

23

01093.  (Dkt. Nos. 1, 2, 4.)  Sixty-01 Association of Apartment Owners ("Sixty-01") brought the

24

ORDER AFFIRMING BANKRUPTCY COURT- 1

1 | adversary proceeding to determine whether Ms. Goudelock's post-petition condominium

2 | association dues and assessments were dischargeable under 11 U.S.C. § 1328(a). The relevant

3 | factual background can be summarized as follows.

4 | In 2001, Ms. Goudelock purchased a condominium subject to a declaration of covenants

5 | and restrictions (the "Declaration") recorded against the property in 1978, which provided for,

6 | inter alia, the creation of Sixty-01, a Washington non-profit condominium association existing

7 | under RCW 64.38. (Dkt. No. 5-1 at 52-54.) To fund Sixty-01's activities, the Declaration

8 | provided that Sixty-01 could charge each lot owner monthly dues as well as other assessments as

9 | needed for maintenance, repair, and capital improvements. (Id. at 60-127.) Additionally, the

10 | Declaration granted Sixty-01 a lien on each lot for unpaid assessments as well as costs and

11 | reasonable attorney's fees incurred in connection with the collection of any delinquent

12 | assessments. (Id.)

13 | By 2009, Ms. Goudelock was not paying her dues and assessments, and Sixty-01

14 | commenced foreclosure proceedings against Ms. Goudelock in King County Superior Court.

15 | (Id. at 48-50, 146-51, 164-65.) Ms. Goudelock moved out of the property and, on March 11,

16 | 2011, filed for relief under Chapter 13 of the Bankruptcy Code. (Id.) Because Ms. Goudelock

17 | was no longer living in the condominium, she proposed an amended Chapter 13 plan in June

18 | 2011 that surrendered the property. (Id. at 167-70.) The proposed plan was confirmed by the

19 | bankruptcy court on October 3, 2011. (Id. at 157.)

20 | Before the plan was confirmed by the court, Sixty-01 had obtained relief from the stay

21 | based on its intention to pursue its in rem foreclosure rights against the property alone. (Id. at

22 | 48-50.) However, Sixty-01 canceled the sheriff's sale in December of 2012 because the

23 | mortgage lenders paid all of Ms. Goudelock's outstanding dues and assessments. (Id.) The

24 |

1 | property then sat empty until February 26, 2015, when the successor in interest to Litton Loan

2 | Servicing foreclosed on the property. (Id. at 48-50, 56-57.) On July 24, 2015, Ms. Goudelock

3 | completed her plan obligations and received a Chapter 13 discharge. (Id. at 160-63.)

4 |     Relying principally on In re Foster, 435 B.R. 650 (B.A.P. 9th Cir. 2010), the bankruptcy

5 | court found that Ms. Goudelock's post-petition condominium association dues and assessments

6 | were not dischargeable because they arose at the time of their assessment and were an incidence

7 | of legal ownership of the burdened property, thus rejecting Ms. Goudelock's contention that the

8 | dues and assessments were pre-petition debts. (Dkt. No. 5-1 at 186-87,196-204.) Specifically,

9 | the bankruptcy court held that the discharge granted to Ms. Goudelock did not discharge the dues

10 | and assessments that accrued between March 11, 2011, the date Ms. Goudelock filed her

11 | bankruptcy petition, and February 26, 2015, the date the lender foreclosed on the property. (Id.)

12 | Ms. Goudelock now appeals, arguing again that the post-petition dues and assessments arose out

13 | of a pre-petition agreement and are therefore "debts" dischargeable under 11 U.S.C. § 1328(a).

14 | (Dkt. No. 5 at 6.) Ms. Goudelock also argues that, to the extent the laws of Washington State

15 | prevent Ms. Goudelock from discharging the dues and assessments, those laws infringe on the

16 | "fresh start" to be provided to debtors under the Bankruptcy Code and are thus preempted by

17 | federal law. (Id.)

18 |     The Court now finds that Ms. Goudelock's post-petition condominium association dues

19 | and assessments are not dischargeable, and thus AFFIRMS the bankruptcy court's grant of

20 | summary judgment in Sixty-01's favor.

21 | /

22 | /

23 | /

24 |

ORDER AFFIRMING BANKRUPTCY COURT- 3

1
**Discussion**

2
    I.       Legal Standard

3
    A grant of summary judgment by the bankruptcy court is reviewed de novo.  In re

4
Bullion Reserve of N. Am., 922 F.2d 544, 546 (9th Cir. 1991).  "Where the facts in the record

5
are not in significant dispute, our task is to determine whether a legal conclusion is contrary to

6
law."  In re Bubble Up Delaware, Inc., 684 F.2d 1259, 1262 (9th Cir. 1982).  The bankruptcy

7
court's interpretation of the Bankruptcy Code is reviewed de novo.  In re Been, 153 F.3d 1034,

8
1036 (9th Cir. 1998).

9
    II.      Dischargeability under § 1328(a)

10
    The Court below relied on the Bankruptcy Appellate Panel of the Ninth Circuit's decision

11
in In re Foster, 435 B.R. 650 (B.A.P. 9th Cir. 2010), to conclude that Ms. Goudelock's post-

12
petition dues were not dischargeable.  (Dkt. No. 5-1 at 186-87,196-204.)  Foster and its progeny

13
hold that as a matter of law, nondischargeable liability for condominium association dues and

14
assessments stemming from a real covenant continues to accrue "as long as [the debtor]

15
maintains [her] legal, equitable or possessory interest in the property and is unaffected by [her]

16
discharge."  Foster, 435 B.R. at 661 (emphasis added); In re Batali, 2015 WL 7758330, *4-9

17
(B.A.P. 9th Cir. Dec. 1, 2015).  In adopting this rule, the Foster court rejected the approach used

18
by the court in In re Rosteck, 899 F.2d 694 (7th Cir. 1990), finding the approach used by the

19
court in In re Rosenfeld, 23 F.3d 833 (4th Cir. 1994) to be more persuasive considering

20
Washington's property laws, to be consistent with the Restatement (Third) of Property, and to

21
better account for the distinction between the treatment of property rights and contract rights

22
under the Bankruptcy Code.  Foster, 435 B.R. at 660-61.

23

24

1    The Foster rule provides a clear answer here: Ms. Goudelock's post-petition dues and

2  assessments are not dischargeable.  While Ms. Goudelock moved out of and surrendered her

3  condominium as part of her Chapter 13 plan, she retained legal ownership of the condominium

4  until the lender foreclosed on it on February 26, 2015.  (See Dkt. No. 5-1 at 135, 164-65.)

5  Opting to "surrender" a property under the Bankruptcy Code "does not transfer ownership of the

6  surrendered property.  Rather, 'surrender' means only that the debtor will make the collateral

7  available so the secured creditor can, if it chooses to do so, exercise its state law rights in the

8  collateral."  In re Batali, 2015 WL 7758330 at *9 (quoting In re Rosa, 495 B.R. 522, 523 (Bankr.

9  D. Haw. 2013)).  In other words, "[a]uthorization for surrender does not constitute a transfer of

10  title."  In re Gollnitz, 456 B.R. 733, 736 (Bankr. W.D.N.Y. 2011).  Subject to exceptions not

11  applicable here, under Washington law, "[e]very conveyance of real estate, or any interest

12  therein ... shall be by deed[.]"  RCW § 64.04.010.  To qualify as a deed, an instrument must

13  comply with RCW § 64.04.020, which requires that "[e]very deed shall be in writing, signed by

14  the party bound thereby, and acknowledged by the party before some person authorized by this

15  act to take acknowledgments of deeds."  The confirmed Amended Plan does not substitute for a

16  deed.

17    Accordingly, the court below found that because title was not transferred until

18  foreclosure in 2015, Ms. Goudelock retained her legal interest in the property until that date.

19  (Dkt. No. 5-1 at 186-87,196-204.)  The court below concluded that because post-petition dues

20  are not dischargeable "as long as [the debtor] maintains [her] legal, equitable or possessory

21  interest in the property," the dues and assessments were not dischargeable here.  (Id.)

22    Ms. Goudelock urges the Court to reject the Foster rule based on In re Rosenfeld, 23 F.3d

23  833 (4th Cir. 1994) and instead adopt a rule based on, inter alia, the decisions in In re Rosteck,

24

1  899 F.2d 694 (7th Cir. 1990), and <u>In re Mattera</u>, 203 B.R. 565 (Bankr. D.N.J. 1997).  (Dkt. No. 5

2  at 20.)  In those cases, the courts found that a plain reading of 11 U.S.C. § 101's definition of

3  "claim" lead to the conclusion that post-petition dues and assessments are contingent, unfixed,

4  unmatured rights to payment, and are thus "debts" dischargeable under § 1328(a).  <u>Rosteck</u>, 899

5  F.2d at 696, <u>Mattera</u>, 203 B.R. at 571-72.  Ms. Goudelock also argues that to the extent

6  Washington's property law allows condominium associations, as creditors, "to collect on the

7  unsecured portion of a lien after foreclosure," it conflicts with the Bankruptcy Code and is

8  preempted under the doctrine of field preemption.  (Dkt. Nos. 5 at 10-16, 9-1 at 6-13.)

9        This Court agrees with the Bankruptcy Appellate Panel of the Ninth Circuit's decision to

10  adopt the <u>Rosenfeld</u> approach.  The Declaration giving rise to the dues and assessments in this

11  case is a covenant running with the land, a property right; while a debtor's personal obligation

12  under a contract may be discharged in most instances, the "bankruptcy power is subject to the

13  Fifth Amendment's prohibition against taking private property without compensation."  <u>In re</u>

14  <u>Rivera</u>, 256 B.R. 828, 834 (Bankr. M.D. Fla. 2000) (quoting <u>United States v. Sec. Indus. Bank</u>,

15  459 U.S. 70, 75 (1982)).  As the <u>Foster</u> court noted, under Washington law, the obligation to pay

16  condominium or homeowners' association dues "is a function of owning the land with which the

17  covenant runs and not from a prepetition contractual obligation."  <u>Foster</u>, 435 B.R. at 660;

18  <u>Bellevue Pac. Ctr. Condo. Owners Ass'n v. Bellevue Pac. Tower Condo. Ass'n</u>, 124 Wn. App.

19  178, 188 (2004) (declaration is "not a contract," but "a document that unilaterally creates a type

20  of real property"); <u>see also</u> <u>Butner v. United States</u>, 440 U.S. 48, 54 n.9, 55 (1979) ("Property

21  interests are created and defined by state law. Unless some federal interest requires a different

22  result, there is no reason why such interests should be analyzed differently simply because an

23

24

ORDER AFFIRMING BANKRUPTCY COURT- 6

1 | interested party is involved in a bankruptcy proceeding," even though this "may lead to different

2 | results in different States.").

3 |     Ms. Goudelock argues that this reasoning ignores the intentionally broad definition of the

4 | term "claim." (Dkt. No. 5 at 16-22.)  But, as court in <u>Rivera</u> explained, "[a]t the core of the

5 | Section 101(5) definition of 'claim' is the term 'right to payment.'  The key to distinguishing a

6 | right to payment that is or is not subject to . . . discharge is simply whether the right to payment

7 | is based on a property interest or something else."  <u>Rivera</u>, 256 B.R. at 833.  "Any release from a

8 | covenant would in effect be a forced conveyance of a property interest from the [condominium]

9 | association to the debtor."  <u>Id.</u> at 834.  Ms. Goudelock's efforts to characterize the post-petition

10 | dues and assessments as contractual obligations—rather than liabilities arising from a property

11 | interest held by Sixty-01 and stemming from Ms. Goudelock's continued legal ownership of the

12 | condominium—are unavailing.

13 |     Ms. Goudelock's preemption arguments are somewhat opaque, but appear to be based on

14 | the contention that if Washington's Condominium Act, RCW 64.34, "prevails in this matter,

15 | post-petition Condo Association dues would be subject to collection on an unsecured deficiency

16 | after a foreclosure while a chapter 13 debtor is in bankruptcy, impeding the debtor's fresh start."

17 | (Dkt. No. 5 at 12.)  RCW 64.34.364(11) provides in relevant part that "the foreclosure of a

18 | mortgage does not relieve the prior owner of personal liability for assessments accruing against

19 | the [condominium] unit prior to the date of such sale."  To the extent this contention forms the

20 | basis for Ms. Goudelock's preemption argument, it evinces a serious misunderstanding of the

21 | state property law relied on by the <u>Foster</u> court.  As discussed above, the <u>Foster</u> court based its

22 | decision on Washington's law as to real covenants, and the interaction of the law regarding

23 | covenants with the Bankruptcy Code.  In other words, even if the Condominium Act, RCW

24 |

ORDER AFFIRMING BANKRUPTCY COURT- 7

1   64.34.364(11), were preempted, Ms. Goudelock's post-petition dues and assessments would still

2   be nondischargeable under Foster's reasoning.

3          Finally, Ms. Goudelock's argument about congressional silence as to the applicability of

4   11 U.S.C. § 523(a)(16) is similarly unavailing.  As the Ninth Circuit has noted, "attempt[ing] to

5   divine congressional intent from congressional silence" is "an enterprise of limited utility that

6   offers a fragile foundation for statutory interpretation."  Polar Bear Prods., Inc. v. Timex Corp.,

7   384 F.3d 700, 717 (9th Cir. 2004); see also Brown v. Gardner, 513 U.S. 115, 121 (1994)

8   ("congressional silence lacks persuasive significance") (citations and internal quotation marks

9   omitted).

10          In sum, the Court finds that Ms. Goudelock's liability for the condominium association

11  dues and assessments stemmed from her legal ownership of the condominium and the property

12  rights held by Sixty-01 via the Declaration, not from a pre-petition contract.  As such, the post-

13  petition dues and assessments are not dischargeable and continued to accrue for as long as Ms.

14  Goudelock maintained a legal, equitable, or possessory interest in the property, i.e., until

15  February 26, 2015.  The bankruptcy court's grant of summary judgment in Sixty-01's favor is

16  therefore AFFIRMED.

**Conclusion**

18          The bankruptcy court's grant of summary judgment in Sixty-01's favor is AFFIRMED.

19  The clerk is ordered to provide copies of this order to all counsel.

20

21          Dated this 6th day of April, 2016.

22

23          _____
            Marsha J. Pechman

24          United States District Judge